UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDELL L. WALTERS,

    Petitioner,

v.                                            CASE NO:  8:04-CV-2019-T-30TGW

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

# ORDER

Petitioner, Wendell Walters (hereinafter referred to as "Petitioner" or "Walters"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the petition, Respondents' response (Dkt. #9) and Petitioner's reply (Dkt. #12).  Upon review, the Court determines that the petition will be denied.

## BACKGROUND

Petitioner, was charged with four counts of armed sexual battery and one count of kidnaping while armed.  Walters pled guilty as charged to all counts.  Pursuant to the negotiated plea agreement, Walters was sentenced on April 19, 1990, to concurrent terms of seventy years in the Department of Corrections on each on the five counts.  Walters did not file a direct appeal from his plea and original sentence.

On September 2, 2001, Walters filed a Motion to Correct Sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  In his 3.800 Motion, Walters claimed his sentences exceeded the statutory maximum and that his scoresheet contained improper points for victim injury and prior record.  Florida's 5th District Court of Appeals summarily denied the motion.  Walters then filed a timely appeal.  In a written opinion, the court found that Walters' 70 year sentences exceeded the statutory maximum and were illegal.  The case was remanded for resentencing.  See Walters v. State, 812 So. 2d 457 (Fla. Dist. Court. App. 2002).  Walters filed a Motion for Rehearing and a Request for Judicial Notice, which were both denied.  A mandate was issued on April 19, 2002.

Walters was resentenced on May 2, 2002.  Upon resentencing, Walters received forty years on each of three of the armed sexual battery counts, which were to be served concurrently, and thirty years on the armed kidnaping count, to be served consecutively to the sexual battery counts.  In the fourth sexual battery count, Walters was sentenced to thirty years, to be served concurrently with the sentence for the armed kidnaping count.

Walters, through Counsel, filed a timely appeal in which he claimed that the lower court erred in including points for victim injury and prior record in his sentencing guidelines scoresheet.  Florida's Fifth District Court of Appeals issued a per curiam opinion with citations only.  See Walters v. State, 831 So. 2d 260 (Fla. Dist. Court. App. 2002).  On July 29, 2003, Walters filed a motion for postconviction relief pursuant to a Florida Rule of Criminal Procedure 3.850 Motion to Vacate, Set Aside, or Correct Sentence.  In his 3.850 motion, Walters argued that his counsel was ineffective for failing to properly advise him that

there were illegal victim injury points included in his guidelines scoresheet, thus invalidating the scoresheet and making his sentence improper.

On September 4, 2003, the court summarily denied Walters' 3.850 motion finding it had been previously addressed by this court and the appellate court. Walters did not file a timely appeal from the trial court's ruling, but received a belated appeal from the summary denial of his 3.850 motion. Walters filed an initial brief with Florida's Fifth District Court of Appeals. On May 11, 2004, the court issued a per curiam affirmance of the trial court's ruling. See Walter v. State, 874 So. 2d 595 (Fla. Dist. Court. App. 2004). On June 15, 2004, Walters filed a petition for habeas corpus relief in the Florida Supreme Court. The case was dismissed for lack of jurisdiction.

Petitioner has now filed a §2254 petition to this Court asserting:

(1) that his plea was involuntary due to ineffective assistance of counsel during plea negotiation and sentencing;

(2) that his original sentence was illegal because it exceeded the statutory maximum; and

(3) that the sentence he received during resentencing was illegal because it continues to exceed the statutory maximum.

## **Timeliness**

Pursuant to 28 U.S.C. § §2244(d)(1) as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus is subject to a one year statute of limitations running the latest of–

>    (A)  the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § §2244.

Under AEDPA, a prisoner, whose conviction became final prior to April 24, 1996, had until April 23, 1997 to file a federal habeas petition with regard to that conviction.

Petitioner asserts three claims in his habeas petition. While two of those claims refer to his original sentencing hearing in 1990 (and would, therefore, be time-barred), the third claim, that the sentence he received during resentencing is illegal, refers to the 2002 resentencing. His petition, therefore, is timely because the claims that would have been time-barred have a timely claim on which to attach. Walker v. Crosby, 341 F.3d 1240, 1247 (11th Cir. 2003).

# DISCUSSION

### 1. **Petitioner was denied effective assistance of counsel during his original plea negotiations.**

Counsel is presumed to be competent to assist a defendant. <u>United State v. Cronic</u>, 466 US 648, 658 (1984). The burden, therefore, is on the accused to show that counsel was ineffective. <u>Id.</u> In order to do so, Petitioner must prove that his counsel was deficient, which requires a showing that counsel's performance was unreasonable under current professional norms. <u>Strickland v. Washington</u>, 466 US 668, 688 (1984). Petitioner must also prove that the deficiency prejudiced the defense, which requires a showing that there is a reasonable probability that but for counsel's errors, the sentencing judgment would have been different. <u>Id.</u> at 694.

Petitioner's claim here is moot. The state trial court resentenced Walters under a mandate from Florida's Fifth Circuit Court of Appeals. Since the state court went through the sentencing calculations again and then resentenced Walters, nothing at the original plea negotiation could have prejudiced him.

II. Petitioner received an illegal sentence at the original sentencing hearing.

Petitioner asserts that he was given an illegal sentence at his original sentencing hearing in 1990 because his sentence exceeded the statutory maximum. This issue is moot because Florida's Fifth Circuit Court of Appeals vacated that sentence and remanded for resentencing which occurred in 2002.

2.   **Petitioner received an illegal sentence at the resentencing hearing.**

Petitioner asserts that he was given an illegal sentence at his 2002 resentencing hearing because the new sentence continues to exceed the statutory maximum. Under Fla. Stat. §775.082(3)(a)(2) (2007) a person who has been convicted of a life felony, including sexual battery, after October 1, 1983, may be sentenced to life imprisonment or a term of years not to exceed 40 years. Walters' sentences, after the resentencing, no longer exceed the statutory maximum for each count. Petitioner's argument, therefore, actually refers to whether the sentencing court exceeded the state sentencing guidelines.

Section 2254(a) allows federal habeas review of state court decisions on the ground that the prisoner is being held in custody in violation of the federal Constitution or federal laws. The 11th Circuit Court has held that there is no basis for habeas relief if the petitioner asserts issues of state law. <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988). Specifically, the court notes that "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." <u>Id.</u> This claim is an issue of state law only and is, therefore, denied.

## **CONCLUSION**

For the reasons set forth above, all of Petitioner's claims are without merit and will therefore be denied.

It is therefore ORDERED AND ADJUDGED that:

1.   The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2004\04-cv-2019.deny 2254.wpd