**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WENDELL L. WALTERS,

    Petitioner,

-vs-                                        Case No.  8:04-cv-2019-T-30TGW

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## ORDER

This matter comes before the Court upon receipt of Petitioner's Rule 60(b) Motion to Set Aside Final Judgment (Dkt.17).  Petitioner asks the Court to reconsider its findings that: 1) his claim of ineffective assistance of counsel during his original plea negotiations is moot because the state trial court re-sentenced him under a mandate from the appellate court, and since the state court went through the sentencing calculations and re-sentenced him, nothing at the original plea negotiation could have prejudiced him (Dkt. 15 at 5); 2) his claim that he received an illegal sentence at his original sentencing hearing is moot because the original sentence was vacated and he was re-sentenced (Id.); and 3) his claim that the sentencing court exceeded the state sentencing guidelines is an issue of state law only (Dkt. 15 at 6).

In a decision addressing the substantive conflict between the Federal Rules of Civil Procedure and the statutes governing federal habeas relief, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Supreme Court held that:

> [A] "claim" as used in § 2244(b)[1] is an asserted federal basis for relief from a state court's judgment of conviction.
>
> In some instances, a Rule 60(b) motion will contain one or more "claims." . . . Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra,* at 876.
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. . . .
>
> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, [Fn 4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.
>
> Fn 4  The term "on the merits" has multiple usages. See, *e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim.

*Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2647-48 (2005) (emphasis in original)

(footnote added).

Since Petitioner's motion to reconsider is the functional equivalent of a second or successive petition under the test set forth in *Gonzalez*, *supra*, the applicable terms of the

---

[1]Title 28 U.S.C. § 2244(b)(3) provides, in pertinent part, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

AEDPA apply regardless of how the motion is styled. *See also United States v. Lambros*, 404 F.3d 1034, 1037 (8th Cir. 2005) (petitioner's Rule 59(e) motion was an effort to file a successive motion for collateral relief because it "sought ultimately to resurrect the denial of his earlier § 2255 motion"); *Banks v. Wolfe*, 2006 WL 2773234 (S.D. Ohio 2006); *Aird v. United States*, 339 F.Supp.2d 1305, 1309 (S.D. Ala. 2004) (finding that the rationale for deciding whether a motion for reconsideration should be treated as a second or successive habeas petition should extend to encompass Rule 59(e) motions, as well Rule 60(b) motions).

The Court finds that because Petitioner's motion attacks the substance of the Court's resolution of his habeas claims on the merits, it lacks jurisdiction to entertain the motion without authorization from the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. 2244(b)(3); *Gonzalez, supra*, at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition.").

ACCORDINGLY, the Court **ORDERS** that the Motion to Set Aside Final Judgment (Dkt. 17) is **DISMISSED** for lack of jurisdiction.

**DONE** and **ORDERED** in Tampa, Florida on July 20, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

<u>Copies furnished to:</u>
All Parties/Counsel of Record