**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WENDELL L. WALTERS,

    Petitioner,

-vs-                                                    Case No.  8:04-cv-2019-T-30TGW

JAMES V. CROSBY, JR.,

    Respondent.
_____/

# ORDER

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 18) of the Court's decision denying his petition for writ of habeas corpus (Dkt. 15), Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 20), and Motion for Issuance of Certificate of Appealability ("COA") (Dkt. 19) pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253.[2]  Petitioner's motion to set aside the judgment (Dkt. 17) was dismissed as a successive petition on July 20, 2007 (Dkt. 21).  *See Gonzalez V. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L. Ed. 2d 480 (2005).

---

[1] "Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a COA where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 20) is **DENIED**.

2. The Motion for Issuance of Certificate of Appealability (Dkt. 19) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 25, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:sfc